IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ELIJAH DOWDLE,                                                              PETITIONER

v.                                          CIVIL ACTION NO.:  1:11CV258-NBB-JMV

STATE OF MISSISSIPPI,                                                       RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner Elijah Dowdle, Mississippi prisoner no. 72353, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for possession of cocaine.  Having considered the submissions of the parties, the State court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

### Background Facts and Procedural History

Petitioner often traded motorcycles and vehicles with Pat Logan, a motorcycle shop owner.  On July 20, 2007, Logan asked Petitioner to purchase a used Honda Accord for him from used car salesman, Raymond Earl Smith ("Earl").  Petitioner purchased the vehicle, and he took the Indiana license plate off of his truck and put it on the Honda before attempting to drive the Honda to Logan's shop.

On the way to Logan's shop, Petitioner was pulled over by Lowndes County Sheriff's Deputy Chris Smith for having a broken headlight.  Deputy Smith stated that as he approached the driver's window, he noticed Petitioner reaching over to the passenger's seat.  Deputy Smith testified that Petitioner appeared nervous, avoided eye contact with him, and that he kept looking over at the passenger's seat. Deputy Smith ran Petitioner's driver's license and tag and was advised that Petitioner's driver's license was suspended and that the tag was not registered to the

vehicle being driven by Petitioner. Deputy Smith testified that he placed Petitioner in handcuffs and asked whether there were any weapons or drugs in the car. Petitioner told Deputy Smith that there were drugs underneath a hat on the passenger's seat. Deputy Smith checked the car and found a rock-like substance underneath the hat, which was later analyzed and determined to be 0.05 gram of cocaine. Deputy Smith also found a can with burnt residue, which he suspected might have been used to smoke narcotics. Deputy Smith testified, however, that the can was not hot and that Petitioner did not appear to be under the influence.

Petitioner was indicted as an habitual offender for possession of less than .1 gram of cocaine. The indictment was later amended to reflect Petitioner's status as an habitual offender and as prior violator of the Uniformed Controlled Substances Act. Petitioner had previously been convicted on April 6, 1979, in the Circuit Court of Clay County of grand larceny and sentenced to three years in the custody of the Mississippi Department of Corrections. He was previously convicted on April 11, 1989, in the Circuit Court of Clay County of possession of marijuana with intent to distribute and was sentenced to three years in the custody of the Mississippi Department of Corrections. Petitioner was previously convicted of perjury on April 17, 2003, in the Circuit Court of Clay County.

At trial, Petitioner testified that he retrieved the Honda from an open field next to Earl's house, and that while he took the time to put a tag on the car, he did not search the car before he left Earl's house. Petitioner testified that the hat must have been in the passenger's seat before he got into the car, and that he did not notice it until he passed a lighted intersection, which was right before he was pulled over by Deputy Smith. On cross-examination, Petitioner was questioned about a prior inconsistent statement he made to the police about the incident: "Mr.

Earl took his hat off and threw it in the seat and told me to have it because I earned it." Petitioner identified his initials and signature on the statement but testified that the statement was incorrect. He admitted that he had previously been convicted of perjury.

In rebuttal to Petitioner's testimony, the prosecution called Earl Smith, who testified that he kept his cars in an open field and that they are typically unlocked. He testified that he cleans all of the cars before selling them, however, and that there should have been nothing left in the car when he sold it to Petitioner. Earl stated that the had previously sold the Honda to Petitioner's brother, who returned the car to him when the title came back as a "junk title." Earl testified that he sold the Honda to Petitioner for a "parts" car. Earl also testified that he did not give Petitioner a hat, and that the hat found in the Honda was not his.

The prosecution also called Deputy Chad Bell, who testified that he helped Deputy Smith take Petitioner's initial statement. Deputy Bell identified the statement made by Petitioner and identified Petitioner as the person who signed the statement.

Petitioner was convicted by a Lowndes County jury of possession of less than one gram of cocaine and was sentenced as an habitual offender and as a repeat drug offender to eight years in the custody of the Mississippi Department of Corrections. He was also ordered to pay a $20,000 fine. He moved for a judgment notwithstanding the verdict or, alternatively, a new trial. The motion was denied. On March 1, 2011, the Mississippi Court of Appeals affirmed Petitioner's conviction and sentence in a written opinion. *Dowdle v. State*, 57 So. 3d 32 (Miss. Ct. App. 2011) (Cause No. 2009-KA-01994-COA);(Answer, Ex. A). Thereafter, Petitioner, proceeding *pro se*, filed a pleading intending to seek post-conviction relief in the Mississippi Supreme Court. By Order filed June 29, 2011, this pleading was dismissed without prejudice for

Petitioner's failure to comply with the statutory requirements of a motion seeking post-conviction collateral relief.  (Answer, Ex. B).[1]

Petitioner subsequently filed an "Application for Leave to Proceed in the Trial Court" raising the following issues:

> A.  Petitioner's witness's was not able to be in court.  Wife and daughter would prove that the witness lied about cleaning out the car:
> Wife - high risk pregnancy (doctor's order not leave Indiana due to being high risk would and could have proven that the state's (da) witness lied under oath.
> Daughter - 12 years old - could and would have proven again that the state's (da) witness lied under oath.
> Brother and his family - would have if only they knew to be in court would and could prove the state's witness lied about selling the car for parts.  The State's witness gave a false title for this Honda when he sold it to my brother, proving clearly sold the car for a 'good car' and not for parts only car.

In a section titled "Specific Facts Within Petitioner's Personal Knowledge," Petitioner stated that "(1) Lawyer Jason Petty did not tell the Petitioner that the State had a witness.  Therefore, no one knew to be at court for their statements; and (2) Petitioner would have asked the court for a continuance due to the facts. . ."  (*See* SCR in Cause No. 2011-M-802, "Motion for Post-Conviction Collateral Relief").

By Order filed November 22, 2011, the Mississippi Supreme Court denied Petitioner's application, finding as follows:

> This matter came before a panel of this Court . . . on Elijah Dowdle's pro se pleading which is in the nature of a motion for reconsideration and his pro se "Application for Leave to Proceed in the Trial Court," wherein he seeks post-conviction collateral relief.  On June 9, 2011, Dowdle filed a procedurally flawed application seeking post-conviction collateral relief.  By order entered on June 29, 2011, this Court dismissed that pleading without prejudice.  On July 6, 2011,

---

[1] Petitioner attached to his application a copy of an Order filed from the Lowndes County Circuit Court dismissing for lack of jurisdiction a post-conviction pleading that Petitioner had filed in that court.  (*See* Answer, Ex. C).

> Dowdle filed a pro se letter seeking reconsideration of this Court's order. On July 19, 2011, Dowdle filed the present application seeking post-conviction collateral relief. After due consideration, the panel finds that the letter requesting reconsideration is moot and should be dismissed as such. The panel further finds that Dowdle has failed to make a substantial showing of the denial of a state or federal right as required by Section 99-39-27(5) of the Mississippi Code. Accordingly, Dowdle's application for post-conviction collateral relief should be denied.

(*See* Answer, Ex. D; Cause No. 2011-M-00802). Petitioner filed a motion for time to seek reconsideration, which was denied by Order filed December 9, 2011, on the Mississippi Supreme Court's finding that such motions are generally not allowed. (*See* Answer, Ex. E).

Petitioner subsequently filed this federal habeas action, raising the following claim:

Ground One. I was denied a chance to have my witness at court. My wife and daughter could have proved that the state's witness lied about "cleaning out the car." My brother could have proved the state's witness lied about selling the car as parts car only when the state witness gave a false title to my brother (not the right title to the Honda sold).

Ground Two. Ineffective assistance of counsel.[2]

Respondent, giving Petitioner's claims liberal construction, concedes that all of the grounds raised in this petition were properly presented to the Mississippi Supreme Court and are exhausted for purposes of federal habeas review.

---

[2] In motions to the Court (ECF Nos. 4 and 10), Petitioner additionally argues that his trial attorney committed errors by failing to call witnesses. Specifically, Petitioner argues that trial counsel stated in response to a bar complaint that he worked diligently on Petitioner's case, "but how could he have and not asked for additional time to seek my witnesses knowing how important their statements would mean before a jury?" (ECF No. 10, 3). The Court ordered that Petitioner's motions should be granted in order to supplement his petition. (ECF No. 11). Therefore, Petitioner's argument is construed as raising a claim of ineffective assistance of counsel.

## Legal Standard

The Court's review of Petitioner's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA prohibits the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or that identify the correct governing law but misapply it to the case. *Id*. at 407-08. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both "incorrect *and* unreasonable[.]" *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A federal habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, and not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

## Discussion

### Ground One. Denial of Right to Present Evidence

Petitioner first argues that he was "denied a chance to have [his] witness at court." (ECF No. 1, 5). Petitioner argues that his "wife and daughter could have proved that the state's witness lied about cleaning out the car" and his brother and family "could have proved the state's witness lied about selling the car as a parts car only." (*Id.*).

The Supreme Court has held that "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19 (1967). The right to present one's own witnesses to establish a defense is a "fundamental element of due process of law." *Id.*

To establish a violation of the right to compulsory process or the right to due process, "a criminal defendant must make a 'plausible showing that the testimony of the . . . witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of the available witnesses." *United States v. Romero-Cruz*, 201 F.3d 374, 377 (5th Cir. 2000); *Janecka v. Cockrell*, 301 F.3d 316, 326 (5th Cir. 2002) (finding petitioner must make a plausible showing that the missing witness would have been both material and favorable to his defense in order to sustain Sixth Amendment right to compulsory process claim).

There is no evidence in the record before the Court that Petitioner attempted to subpoena his family members and was refused, or that Petitioner was otherwise prevented from calling these witnesses to testify. Petitioner moved for and was granted one extension of time with

regard to his wife's inability to travel, but no additional requests for extension are documented in the State court record. His allegations are therefore conclusory and insufficient to sustain his claim.

Moreover, even if the Court were to assume that Petitioner could show that he was prevented from calling witnesses at trial, he has not demonstrated that the witnesses would have been "material and favorable" to his defense. Petitioner was charged with possession of cocaine. Deputy Smith testified that he found a substance later proven to be crack cocaine in a vehicle that was driven by Petitioner. (Trial Tr. vol. 2, 80-102). Petitioner testified that he did not notice the hat in the car until he was pulled over by Deputy Smith. (*Id.* at 122-23). Earl Smith testified that the car purchased by Petitioner had been cleaned before it was sold, that there were not drugs in the car when it was sold to Petitioner, and that he did not give Petitioner the hat that was found in the car. (Trial Tr. vol. 3, 151-155). Deputy Chad Bell testified that in his initial statement to police, Petitioner stated that Earl had thrown the hat in the purchased car. (*Id*. at 160).

In light of the testimony given at trial, Petitioner has not demonstrated that the witnesses he was unable to call would have been "material and favorable" to his defense. Even if Petitioner's wife and daughter had been called to testify that they had found items in cars bought from Earl in the past, they could not have testified as to whether this particular vehicle had been cleaned. They could not rebut Earl's testimony that the hat was not his nor was it thrown into the car by him. Neither could these witnesses rebut the testimony that cocaine was found in a vehicle driven by Petitioner.

Similarly, if Petitioner's brother and sister-in-law had been called to testify that Earl

8

Smith testified incorrectly when he stated that the car was sold as a "parts" car, and that Earl had given them the wrong title, that testimony does not establish a defense to the crime for which Petitioner was charged. The testimony would not have rebutted Deputy Smith's testimony that Petitioner was in possession of what was proven to be cocaine, nor would it have explained the statement Petitioner gave to law enforcement officials about the hat and drugs. As such, whether Earl had previously sold them the car as a functioning car would not have been favorable to Petitioner's defense.

Petitioner cannot show that he was prevented from calling witnesses, nor can he show that the "missing" witnesses would have given testimony material and favorable to his defense. Therefore, the Court finds that the State court decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, clearly established federal law. The Court also finds that the decision is not based upon an unreasonable determination of facts in light of the evidence presented.

In support of this ground for relief, Petitioner also argues that one of the state's witnesses lied. To the extent that this may be construed as a separate claim challenging the weight of the evidence presented against him at trial, the Court notes that a claim challenging the weight of the evidence requires an assessment of the credibility of the evidence presented at trial. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). The jury, not a reviewing court, bears "the responsibility. . . fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* at 45 n.21 (citation omitted). Therefore, the weight of the evidence is not an issue assessed on federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence[.]").

Accordingly, to the extent Petitioner attempts to raise such a claim, he is not entitled to habeas relief based on his challenge to the weight of the evidence.

### Ground Two. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *See, e.g.,Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Petitioner must establish that (1) his trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, and (2) the deficient performance prejudiced his defense. *See id.* at 687; s*ee also Boyle v. Johnson*, 93 F.3d 180, 187 (5th Cir. 1996) (finding that ineffective assistance of counsel claims are analyzed under the *Strickland* framework). A petitioner satisfies *Strickland*'s prejudice prong by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The failure to prove both prongs of the *Strickland* test defeats a claim of ineffective assistance. *See id.* at 687; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). In a case where the state court has rejected the merits of a petitioner's ineffectiveness claim, the "pivotal question" in a federal habeas proceeding "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011).

Petitioner claims that his trial counsel was ineffective in failing to secure as witnesses for the defense his wife, his twelve-year-old daughter, his brother, and his brother's wife. He claims

that his witnesses were unavailable, presumably because counsel did not request additional time to secure their attendance. (ECF No. 10, 1, 3).

Several continuances were requested and granted to the defense in this case. The last continuance request was filed in May 2009, citing the pregnancy of Petitioner's wife as the basis for the request. The motion was granted, and the trial was set for August 25, 2009. (Trial Tr. vol. 1, 56). No other requests for a continuance were filed by either party, and when the trial began on August 25, 2009, both sides announced that they were ready to proceed. (Trial Tr. vol. 2, 21, 23).

The Court notes that "counsel's decisions regarding examination and presentation of witnesses and testimony. . . fall within [the] category of trial strategy[,] which enjoys a strong presumption of effectiveness." *Pape v. Thaler*, 645 F.3d 281, 291 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit has held:

> Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.

*Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (internal citation and citations omitted). In order to establish ineffective assistance based on counsel's failure to call a witness, a petitioner is required to "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

As discussed above, Petitioner cannot demonstrate that his uncalled witnesses would have been "favorable to a particular defense." Accordingly, the decision rejecting this claim is neither contrary to, nor does it involve an unreasonable application of, clearly established federal

11

law.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on any claim rejected on its merits, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Applying these standards, the Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Petitioner's petition for a writ of habeas corpus is **DENIED**, and that this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any pending motions are **DISMISSED AS MOOT**. A final judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 10th day of July, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**